## NELSON CLEMENTS, Appellant, *v.* FRANCISCO YTURRIA, Respondent.

*Furnishing aid to enemy — contract made for such purpose, void — Delivery.*

Appeal by the plaintiff from a judgment entered in favor of the defendant, after a trial at the circuit where the complaint was dismissed.

The action was brought to recover damages for the conversion by defendant, at the town of Camargo, Mexico, of 270 bales of cotton, alleged to belong to plaintiff.

The court at General Term said: " The plaintiff failed, at the trial, to establish a right to recover, and the complaint was therefore properly dismissed. The evidence of the plaintiff himself, shows that his pretended title to the property in question is based

upon an agreement by which he was to furnish for the use of the Confederate government military stores, including arms, and in exchange therefor was to receive cotton, and the cotton in question was derived through such contract. All the other facts and circumstances of the case corroborate this view. The parties with whom the plaintiff negotiated, and by and through whom the transaction was manipulated, were in one capacity or another agents of such Confederate government. The plaintiff was a citizen of the state of New York, and knew at the time that he was furnishing aid to a public enemy of the United States, and obviously intended so to do for his own private advantage. The whole transaction is too transparent to admit of a doubt, and the agreement was void, as against public policy; and therefore no valid title was acquired by the plaintiff to the cotton in question. (*Woods* v. *Wilder*, 43 N. Y., 164; *Bank of N. O.* v. *Matthews*, 49 id., 12; *Montgomery* v. *The U. S.*, 15 Wall., 395; *Sprott* v. *U. S.*, 20 id., 459; *U. S.* v. *Grossmayer*, 9 id., 72; *U. S.* v. *Lapène*, 17 id., 602.) The facts fairly construed, failed to show that the plaintiff received the delivery or acquired a valid possession of the cotton. And therefore even within the doctrine of the case *Whitfield* v. *U. S.* (2 Otto, 165), relied upon by the appellant, the action could not be maintained against the defendant."

*Erastus Cooke*, for the appellant. *Thomas G. Shearman*, for the respondent.

Opinion by INGALLS, J. DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed with costs.